IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>OSCAR ANTONIO LARA GARCIA<br><br>Defendants. | ORDER & MEMORANDUM DECISION<br><br>2:05CR391 TC |

This matter is before the court on Oscar Antonio Lara-Garcia's pending motion to suppress. In evaluating Mr. Lara-Garcia's motion, the court has determined that there are some important issues which have not yet been fully addressed and the court now requests supplemental briefs.

The court has already concluded that the detention of Mr. Lara-Garcia was not unreasonably prolonged and that the officers' actions did not violate the Fourth Amendment. But the court has determined that Mr. Lara-Garcia's Fifth Amendment rights were violated by the failure to inform him of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), before asking him about his immigration status. Moreover, the court has also decided that evidence of identity is suppressible as explained by the Eighth Circuit in United States v. Guevara-Martinez, 262 F.3d 751 (8th Cir. 2001), and related cases.

Having arrived at the above-stated conclusions, the court is now confronted with two issues not yet fully addressed by the parties and requests supplemental briefing. First, the court directs the parties to address the potential application of the inevitable discovery doctrine as it

applies to the facts of this case. (See, e.g., Transcript of Aug. 30, 2005 Evid. Hrg. At 81:20-22) Second, recognizing that failure to administer Miranda warnings, without more, does not automatically require suppression of the fruits of the statements, the court directs the parties to address the issue of what evidence should be suppressed as a result of the Fifth Amendment violation. See, e.g., Oregon v. Elstad, 470 U.S. 298, 306-07 (1985).

The parties' supplemental briefs are not to exceed fifteen pages in length and are to be limited to the identified issues. The supplemental briefs are to be filed simultaneously and are due no later than December 21, 2005.

SO ORDERED this 14th day of December, 2005.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge